**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VITO DRAGONE, JR. and BERNARD J. KLAWINSKI, as Trustees of and on behalf of THE SOUTHWESTERN PENNSYLVANIA AND WESTERN MARYLAND AREA TEAMSTERS AND EMPLOYERS PENSION FUND and THE TEAMSTERS LOCAL 491 HEALTH AND WELFARE FUND, | ) | Civil Action No. |
| Plaintiffs, | ) | |
| vs. | ) | ELECTRONICALLY FILED |
| WAYNESBURG BOROUGH, | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Vito Dragone, Jr. and Bernard J. Klawinski, as Trustees of and on behalf of The Southwestern Pennsylvania and Western Maryland Area Teamsters and Employers Pension Fund and The Teamsters Local 491 Health and Welfare Fund (hereinafter the "Plaintiffs"), by their counsel, Stephen A. Chesney and Meyer, Unkovic & Scott LLP, hereby files the within Complaint, of which the following is a statement:

1. Plaintiffs are Trustees of the Southwestern Pennsylvania and Western Maryland Area Teamsters and Employers Pension Fund and the Teamsters Local 491 Health and Welfare Fund (hereinafter the "Funds").

2. Waynesburg Borough (hereinafter "Defendant") maintains a place of business at 90 East High Street, Waynesburg, Pennsylvania 15370.

3. The Court has jurisdiction over these claims under Sections 502(a)(3)(e) and (f) and Section 515 of the Employee Retirement Income Security Act (hereinafter "ERISA"), and under Section 302 of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. §185 (hereinafter the "Taft-Hartley Act").

4. The Funds are administered at 112 Morgantown Street, Uniontown, Pennsylvania 15401 and venue is proper in the United States District Court for the Western District of Pennsylvania.

5. The Plaintiffs bring this complaint on the Funds' behalf pursuant to the authorization of the Boards of Trustees of the Funds.

6. The Trustees of the Funds are fiduciaries within the meaning of ERISA.

7. The Funds are established to provide various benefits to employees of contributing employers and their dependents.

8. The Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the International Brotherhood of Teamsters Local Union 491 (hereinafter the "Union"), and therefore are "multiemployer plans" within the meaning of section 3(37) of ERISA.

9. The Defendant is an employer signatory to a Collective Bargaining Agreement with the Union whose terms required Defendant to make contributions to the Funds.

10. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Agreement and Declarations of Trust that created the Funds (hereinafter the "Trust Agreements").

11. Defendant is required to make contributions to the Funds for each hour worked by its employees at the rate and in the manner specified in the Collective Bargaining Agreement and the Trust Agreements.

12. Under the provisions of the Collective Bargaining Agreement and the Trust Agreements, Defendant is required to provide access to the records necessary for the Funds to determine whether Defendant complied with its obligation to contribute.

13. An audit was conducted for both Funds, which determined that contributions did not timely begin for an employee.

14. Defendant has breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to advise the Funds of an employee's eligibility and underpaying contributions that are owed to the Funds during the period of December 2009 through March 2010. The outstanding contributions owed to the Funds are as follows:

**Outstanding Contributions Due**

| | |
|---|---|
| Pension Fund | $1,269.00 |
| Health and Welfare Fund | $4,874.00 |
| **Total Outstanding Contributions Due** | **$6,143.00** |

15. Pursuant to ERISA, the Collective Bargaining Agreement, and the Trust Agreements, Defendant is required to pay interest, liquidated damages, and reasonable attorney fees expended to enforce timely and accurate payment of delinquent contributions.

16. Pursuant to the terms of the Collective Bargaining Agreement and the Trust Agreements, Defendant owes interest calculated at the rate of 1.5% per month and liquidated damages calculated at the rate of 1.5% per month for failing to make the

aforementioned contributions to the Funds. The interest and liquidated damages owed to the Funds as calculated to and including the month of April, 2015 are as follows:

**Interest and Liquidated Damages Due**

| | |
|---|---|
| **Pension Fund** | |
| Interest | $1,496.72 |
| Liquidated Damages | $1,496.72 |
| **Health and Welfare Fund** | |
| Interest | $4,566.36 |
| Liquidated Damages | $4,566.36 |
| **Total Interest and Liquidated Damages Due** | **$12,126.16** |

17. The Funds have demanded payment of the outstanding contributions, interest and liquidated damages due. Defendant has failed to pay in accordance with those demands.

18. Interest and liquidated damages continue to accrue as a result of Defendant's failing to pay the outstanding contributions, interest and liquidated damages.

WHEREFORE, Plaintiffs request:

A. That the Defendant be ordered to pay all outstanding contributions for the period of December 2009 through March 2010, including interest and liquidated damages due and owing to the date of judgment.

B. That judgment be entered against Defendant in the amount of $18,269.16, plus interest and liquidated damages incurred after the filing of this Complaint.

C. That the Defendant be ordered to pay reasonable attorneys' fees and costs of suit incurred by Plaintiff.

D. That the Defendant be ordered to file timely reports and to pay all contributions on a timely basis for so long as Defendant remains a contributing employer to the Funds.

E. That the Court order such other and further relief as it may deem just and equitable all at the cost of the Defendant.

Respectfully submitted,

MEYER, UNKOVIC & SCOTT LLP

By: s/ *Stephen A. Chesney*

Stephen A. Chesney
Pa. I.D. #316779
sac@muslaw.com

Jason Mettley
PA I.D. #81966
jm@muslaw.com

Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
(412) 456-2800
(412) 456-2864/Fax

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Complaint was served upon Defendant by first-class United States mail, postage prepaid this 13th day of April, 2015, addressed as follows:

Waynesburg Borough
90 East High Street
Waynesburg, PA 15370

By: *s/ Stephen A. Chesney*
Stephen A. Chesney